# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# BOSTON DIVISION

| | |
|---|---|
| RONALD A. LUIPPOLD ) | |
| ) | |
| Plaintiff, on behalf of himself and ) | |
| all others similarly situated, ) | |
| ) | JURY DEMANDED |
| ) | |
| v. ) | No. |
| ) | |
| ) | |
| PERFORMANCE CAPITAL MANAGEMENT, ) | |
| LLC ) | Judge: |
| ) | |
| Defendant. ) | Magistrate: |

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

### NATURE OF ACTION

1. This is a class action brought on behalf of all consumers subjected to Defendant, Performance Capital Management LLC's, unfair or unconscionable conduct in connection with collection of, or the attempt to collect, a debt. In particular, Defendant's business practice in the collection of debts contravenes congressional prohibition of unfair or unconscionable trade practice, such as a course of dealing in seeking to obtain from a consumer any acknowledgment containing an affirmation of any debt subject to a statute of limitations, or a waiver of any legal rights of the consumer without disclosing the nature and consequences of such affirmation or waiver and the fact that the consumer is not legally obligated to make such affirmation or waiver.

2. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse,

1

and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

3. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Simply designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

## PARTIES

5. Plaintiff, Ronald Luippold, is a resident of Brockton, Massachusetts. Plaintiff received at his Brockton, Massachusetts address a letter from Defendant in effort to collect a personal obligation alleged once due a third party creditor.

6. Defendant, Performance Capital Management LLC is a debt collection company located at 7001 Village Park Drive, Ste. 255, Buena Park, California 90621. Defendant mailed to Plaintiff, on May 12, 2009, a letter in an effort to collect from Plaintiff a balance alleged once due a third party creditor arising out of a transaction primarily for personal, family, or household purposes.

## BACKGROUND TO CLASS PERIOD

7. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

8. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

## FACTUAL ALLEGATIONS

9. On May 12, 2009 Defendant mailed to Plaintiff a letter in an effort to collect a personal obligation alleged once due a third party creditor. Defendant mailed its correspondence to Ronald A Luippold, 121 Hovendon Ave, Brockton, MA 02302-1223. The return address listed on Defendant's correspondence reads: PCM, Performance Capital Management LLC,

Dept, 735, PO Box 4115, Concord, CA 94524. Defendants May 12, 2009 letter reads in pertinent part:

> Dear Ronald A Luippold.
>
> As you have been previously advised, Performance Capital Management LLC (PCM) purchased your above referenced account. We believe we have two great programs to help you resolve this debt. Pick an option that is best for you.
>
> Option One - Reduced Lump Sum Payment.
> Fully settle the above account for $408.74 - a savings of $408.74. Funds must be received by 2009-05-28. Once funds are received, PCM will release you from all claims pertaining to the above referenced account. You can make this payment online at http://www.pcmllc.us or call toll-free at 800-757-7700.
>
> Option Two - Low Monthly Payments and Savings Tool. Make payments of $33.54 over 24 months and save $12.51 off the current balance. **To take advantage of this offer, just sign and return the contract below along with your first payment of $33.54 by 2009-05-28**. If you have questions regarding option two, call toll-free at 877-694-4959.
>
> \*    \*    \*
>
> As consideration for resolving the below referenced account, Performance Capital Management LLC (PCM) is prepared to re-write the terms of the below account. PCM is willing to accept $33.54 as a down payment and allow the remaining balance of $771.42 to be paid in 23 monthly installments of $33.54 with zero interest. The down payment of $33.54 is due on or before 2009-05-28. PCM shall provide you with monthly courtesy statements setting out the monthly payments for your convenience. Payments under this contract shall not be conditioned upon receipt of a courtesy statement. Payments shall continue on the 15th day of the month following the signing of this agreement.
>
> Should the undersigned default on the terms herein the total remaining amount of the re-written balance only shall become immediately due an payable. An account shall be in default if any one payment is more than 30 days past due.

> **Should suit become necessary to enforce the terms of this agreement**, PCM shall be entitled to any and all reasonable attorney fees and costs allowable by law.
>
> I have read, understand and agree to the terms and conditions set forth herein. I understand that this agreement is a resolution of an existing debt and not an application for credit or refinancing of an existing debt. Acceptance of this offer will create a new contract which would cancel the original contract which was created between you and the above-named Original Creditor and extinguish any defenses which you may possess in regard thereto.

(See May 12, 2009 Correspondence, attached hereto as Exhibit "A") (emphasis added).

## CONSTRUCTION OF APPLICABLE LAW

**A.   The FDCPA Imposes Strict Liability.**

10.   The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); *Clomon v. Jackson*, 988 F. 2d 1314 (2d Cir. 1993).

**B.   The FDCPA Must Be Liberally Construed In Favor Of Consumer-Debtors.**

11.   The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

### C. The FDCPA Is To Be Interpreted In Accordance With The Least Sophisticated Consumer Standard.

12. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F. 2d 107 (3d Cir. 1991); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *Id.* The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. *Clomon*, 988 F. 2d 1318.

## CLASS ALLEGATIONS

### A. Class Definitions

13. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, the class Plaintiff seeks to represent includes:

> All persons to whom Defendant mailed correspondence sufficiently similar or identical to the correspondence referenced in paragraph 9 of Plaintiff's Original Class Complaint, by which Defendant used unfair or unconscionable conduct in connection with collection of, or the attempt to collect, a debt.

The proposed class specifically excludes the United States of America, the State of Massachusetts, counsel for the parties, the presiding United States District Court Judge, the Justices of the United States Court of Appeals for the Third Circuit and the United States Supreme Court, all officers and agents of Defendant and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

14. The class is so numerous that joinder of members is impracticable

15. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

16. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

17. There exists a well defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to:

   a. The existence of Defendant's identical conduct particular to the matter at issue;

   b. Defendant's violations of 15 U.S.C. §1692 et. seq.;

   c. The availability of statutory penalties;

   d. Attorney's fees and costs.

**B.     Rule 23(a)**

18.     The claims of Plaintiff are typical of those of the class seeks to represent.

19.     The claims of Plaintiff and of the class originate from the same violative conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

20.     Plaintiff possesses the same interests and has suffered the same injuries as the each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

21.     Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflict with the interests of other members of the class.

22.     Plaintiff is willing and prepared to serve the Court and proposed class.

23.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

24.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

**C.     Rules 23(b)(1), 23(b)(2), and 23(b)(3)**

25.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

26. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

27. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

28. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

29. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that:

   a. individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake;

   b. as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions;

   c. the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29.

31. Section 1692f of the FDCPA provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
>
> (2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.
>
> (3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.
>
> (4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.
>
> (5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.
>
> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--
>
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>
> (B) there is no present intention to take possession of the property; or

> (C) the property is exempt by law from such dispossession or disablement.
>
> (7) Communicating with a consumer regarding a debt by post card.
>
> (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. §1692f.

32. Massachusetts General Laws provide:

> No acknowledgment or promise shall be evidence of a new or continuing contract whereby to take an action of contract out of the operation of this chapter or to deprive a party of the benefit thereof, unless such acknowledgment or promise has been made, or is contained in, a writing signed by the party chargeable thereby.
>
> The preceding section shall not alter or impair the effect of a payment of principal or interest made by any person; but no endorsement or memorandum of an such payment, written or made upon a promissory note, bill of exchange or other writing by or on behalf of the party to whom such payment has been or purports to have been made, shall be sufficient proof of the payment to take the case out of the provisions of this chapter.

Mass. Gen. Laws. Ann. ch. 260 §§13,14.

33. Defendant, through its correspondence to Plaintiff, seeks to obtain from Plaintiff a waiver of legal rights related to the alleged subject debt without disclosing the nature and consequences of such a waiver, and without informing Plaintiff that he is not legally obligated to make such a waiver.

34. Defendant, in particular, solicits from Plaintiff a written signature evidencing a new contract whereby a simple acknowledgement, promise, or certain payment is insufficient to create the contract sought by Defendant.

35. The contract solicited by Defendant, valid only as a result of a signed writing from Plaintiff obtained by Defendant, extinguishes any then-existing defenses which Plaintiff may possess in regard to the subject debt. Defenses that Plaintiff may assert in connection with Defendant's attempt to collect the subject debt include, but are not limited to, those arising from applicable statutes limitations.

36. Defendant does not disclose through its correspondence to Plaintiff that the alleged subject debt is not judicially unenforceable once the applicable statute of limitations expires.

37. Defendant does not disclose through its correspondence to Plaintiff that the expiration of the applicable statute of limitations limits judicial remedies available to enforce the alleged subject debt.

38. The least sophisticated consumer does not possess the knowledge or understanding that cooperation in accord with Defendant's request to "sign and return the contract below along with your first payment" waives any right to assert a defense to the subject debt based upon applicable statutes of limitations, or that a written signature, as requested by Defendant, extends Defendant's ability to judicially enforce the subject debt and provides Defendant additional judicial remedies which would be otherwise non-existent.

39. Defendant's attempt to obtain from Plaintiff a waiver of legal rights related to the alleged subject debt without disclosing the nature and consequences of such a waiver, and without informing Plaintiff that he is not legally obligated to make such a waiver, constitutes unfair or unconscionable means to collect or attempt to collect the alleged subject debt in violation of 15 U.S.C 1692f.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment, as follows:

  a. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

  b. Adjudging that Defendant violated 15 U.S.C. §1692f.

  c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k , in the amount of $1,000.00 per class member.

  d. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

  e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

  f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

40. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 39.

41. Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §1692e(10).

42. The FDCPA prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

43. "False, deceptive, or misleading" practices specifically prohibited by the FDCPA are non-exhaustive, and do not preclude claim of falsity or deception based on non-enumerated practice.

44. Defendant's actions in attempt to collect the subject debt constitute false, deceptive, or misleading representations or means in connection with the collection the subject debt.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment, as follows:

   a. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

   b. Adjudging that Defendant violated 15 U.S.C. §1692f.

   c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

   d. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

   e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

   f. Awarding such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims triable as a matter of right.

Dated: November 10, 2009.

        /s/ Aaron D. Radbil, Esquire
Aaron D. Radbil (not admitted in Massachusetts)
    WEISBERG & MEYERS, LLC
    Illinois Bar No. 6290515
    Florida Bar No. 0047117
    5025 North Central Ave. #602
    Phoenix, AZ 85012
    Phone: (866)
    Facsimile: (866) 565-1327
    aradbil@attorneysforconsumers.com


        /s/ Craig Thor Kimmel
    Craig Thor Kimmel
    KIMMEL & SILVERMAN P.C.
    Massachusetts Bar No. 662924
    30 East Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Facsimile (800) 863-1689
    kimmel@creditlaw.com